Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| WILLIAM DE GRACIA DE LEÓN, SU ESPOSA YESENIA MARTÍNEZ CLAUDIO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS<br><br>Recurridos<br><br>v.<br><br>ASOCIACIÓN DE TITULARES LOS EUCALIPTOS, INC.; SR. CARLOS CRUZ, SU ESPOSA FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS; SRA. MIRELYS MELÉNDEZ, SU ESPOSO FULANO DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS; SRA. KARINNA RANGEL, SU ESPOSO FULANO DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS; ANTHONY JOSEPH, SU ESPOSA FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS; VILMA I. PEREIRA, SU ESPOSO FULANO DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS; CARLOS LÓPEZ, SU ESPOSA FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA ENTRE AMBOS; ASEGURADORAS A-Z; COMPAÑÍAS AFIANZADORAS A-Z<br><br>Peticionarios | KLCE202400984 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso número: CA2024CV02575<br><br>Sobre: Sentencia Declaratoria; *Injunction* |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

# **R E S O L U C I Ó N**

Número Identificador

RES2024 _____

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece la parte peticionaria, Asociación de Titulares Los Eucaliptos, Inc. y otros, mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 10 de septiembre de 2024. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la moción de desestimación, promovida por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 2 de agosto de 2024, William de Gracia de León y Yesenia Martínez Claudio (recurridos) incoaron una *Demanda* sobre sentencia declaratoria, entredicho provisional e *injunction* preliminar en contra de la Asociación de Titulares Los Eucaliptos, Inc. (Asociación), Carlos Cruz, Mirelys Meléndez, Karinna Rangel, Anthony Joseph, Wilma I. Pereira y Carlos López, así como sus respectivos cónyuges y las sociedades legales de gananciales compuesta por estos (peticionarios).[1] Indicaron que, el 8 de febrero de 2024, en el Caso Núm. CN2024CV00024 sobre *injunction*, las partes acordaron que los recurridos someterían los planos al Comité de Arquitectura de la Urbanización Los Eucaliptos en Canóvanas (Urbanización), para su evaluación y aprobación o denegatoria, de la construcción de una marquesina y un cuarto en la segunda planta hacia el patio en la residencia de los recurridos. Describieron que, luego de someter los planos de las obras al Comité de Arquitectura de la Urbanización, recibieron una misiva suscrita por personas que no eran parte de este, informando la denegatoria de la obra solicitada. Argumentaron que dicha determinación, así como

---

[1] Apéndice 22 del recurso, págs. 78-93.

la comunicación, eran inoficiosas, toda vez que las mismas fueron suscritas por personas que no formaban parte del Comité de Arquitectura de la Urbanización y cuyo envolvimiento resultaba en un patente conflicto de interés. Señalaron que, posteriormente, un ingeniero en su representación envió una comunicación al Comité de Arquitectura de la Urbanización en la que expresó las razones por las cuales el proyecto en controversia cumplía con lo solicitado en el Caso Núm. CN2024CV00024, toda vez que la obra seguía la arquitectura ortogonal y cumplía con la continuidad de la fachada, incluyendo el ancho del alero y los colores. No obstante, afirmaron que el administrador de la Urbanización remitió una comunicación suscrita por este, en la cual notificó que el Comité de Arquitectura denegó la autorización de la construcción. Sobre esa misiva, reiteraron que era inoficiosa por no estar preparada ni suscrita por el Comité de Arquitectura de la Urbanización. De la misma forma, sostuvieron no estar de acuerdo con los fundamentos de la denegatoria.

Los recurridos plantearon haber agotado los trámites contemplados en el Reglamento General de la Asociación y los mismos habían sido infructuosos, toda vez que los llamados a poner en vigor dichos trámites, entiéndase el Comité de Arquitectura de la Urbanización, no lo habían hecho. A ello le añadieron que las determinaciones del Comité de Arquitectura de la Urbanización habían sido arbitrarias y caprichosas. Sostuvieron que, en su lugar, el Comité de Arquitectura de la Urbanización había permitido actuaciones *ultra vires* de parte de los miembros de la Junta de Directores de la Asociación, al estos usurpar las funciones del Comité de Arquitectura en abierta contradicción a lo expresamente dispuesto en el Reglamento General de la Asociación. De otro lado, argumentaron que la Escritura Núm. 53 sobre *Constitución de Restricciones de Uso y Edificación* de la Urbanización, suscrita el

1 de agosto de 2006, no contenía servidumbres en equidad (condiciones restrictivas) válidas ni eficaces relativas a la construcción, remodelación, alteración o modificación de las unidades de vivienda. Arguyeron que dicha escritura pública tampoco les prohibía llevar a cabo su proyecto de construcción, remodelación, alteración o modificación de las unidades de vivienda, mientras que las prohibiciones que contenía no constaban de forma específica en el título de la propiedad en cuestión.

Por otro lado, los recurridos alegaron que el Reglamento General de la Asociación carecía de criterios objetivos para evaluar los cambios que se podían realizar a las residencias en la Urbanización. Por ello, solicitaron que se ordenara al Comité de Arquitectura de la Urbanización a que se abstuviera de imponer criterios arbitrarios a la solicitud de construcción presentada por estos. A su vez, peticionaron que se le ordenara a la Junta de Directores de la Asociación a abstenerse de actuar, participar, evaluar, aplicar y/o considerar la solicitud presentada por estos, al Comité de Arquitectura de la Urbanización, conforme a lo dispuesto en el Reglamento General de la Asociación.

Por su parte, el 22 de agosto de 2024, la parte peticionaria instó una *Moción de Desestimación de la 'Solicitud de Interdicto Preliminar y Permanente'*, al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).[2] En síntesis, arguyó que los recurridos no cuestionaban la validez de las condiciones restrictivas, ni las restricciones contenidas en sus cláusulas, incluyendo la obligación de que los titulares mantuvieran la fachada de sus residencias. Argumentó que la presunta arbitrariedad de la implementación del Reglamento General de la Asociación no alteraba el hecho de que las condiciones restrictivas obligaban a los

---

[2] Apéndice 17 del recurso, págs. 61-73.

recurridos a mantener la fachada de su propiedad. Enfatizó que la voluntad de las partes era clara en cuanto a la obligación de cumplir con las condiciones restrictivas impuestas por el desarrollador de la Urbanización. Sostuvo que las obras propuestas y comenzadas por los recurridos violaban las condiciones restrictivas de la Urbanización. Según adujo, la falta de probabilidad de prevalecer en el pleito, la falta de cumplimiento con las disposiciones claras de la escritura de condiciones restrictivas, la falta de diligencia y buena fe por parte de los recurridos, y el incumplimiento con los requisitos legales y reglamentarios aplicables, eran las razones por las cuales se debía declarar No Ha Lugar la *Demanda* incoada.

En desacuerdo, los recurridos se opusieron.[3] En esencia, alegaron que la moción de desestimación promovida por la parte peticionaria estaba basada en una premisa errónea, toda vez que no existía una prohibición categórica en las condiciones restrictivas de la Urbanización de alterar la fachada de las residencias. Plantearon que la parte peticionaria incumplió con su deber procesal impuesto por la Regla 10.2(5) de Procedimiento Civil, *supra*, la cual exige que se demuestre, de forma certera, que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiese probar en apoyo a su reclamación, aun interpretando de forma liberal la demanda a su favor. Sostuvo que procedía declarar No Ha Lugar la solicitud de desestimación, ya que esta no cumplía con las exigencias procesales requeridas para su consideración ni presentaba argumentos válidos que justificaran la denegatoria de la expedición del *injunction*.

---

[3] Apéndice 14 del recurso, págs. 37-58.

Posteriormente, el 29 de agosto de 2024, la parte peticionaria replicó,[4] mientras que los recurridos duplicaron el 2 de septiembre del mismo año.[5]

Evaluadas las posturas de las partes, el 10 de septiembre de 2024, el Tribunal de Primera Instancia emitió y notificó la *Resolución* que nos ocupa, mediante la cual declaró No Ha Lugar la moción de desestimación promovida por la parte peticionaria.[6] El foro primario señaló que las alegaciones expuestas en la demanda cumplían con el crisol establecido en la Regla 6.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.5, así como con la jurisprudencia estatal. Particularizó que la demanda contenía hechos y alegaciones que, en esa etapa de los procedimientos, informaban a la parte peticionaria de varias posibles causas de acción, que podrían justificar la concesión de un remedio.

Inconforme, el 13 de septiembre de 2024, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó el siguiente señalamiento de error:

Erró el Tribunal de [Primera] Instancia al no desestimar la demanda.

En cumplimiento con nuestra *Resolución* del 17 de septiembre de 2024, la parte recurrida compareció mediante *Oposición a expedición del recurso de certiorari* el 25 del mismo mes y año.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*,

---

[4] Apéndice 13 del recurso, págs. 33-36.
[5] Apéndice 12 del recurso, págs. 26-32.
[6] Apéndice 1 del recurso, págs. 1-7.

211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023); *Rivera et al. v.*

*Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea en su único señalamiento de error que el Tribunal de Primera Instancia incidió al no desestimar la demanda de epígrafe. Sostiene que el foro *a quo* no proporcionó una explicación clara en su dictamen sobre por qué las alegaciones presentadas por los recurridos en la demanda podrían justificar la concesión de un remedio. Alega que la *Resolución* recurrida carece de un análisis detallado de las alegaciones que justifiquen cómo se llegó a la conclusión emitida por el foro primario.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la solicitud de desestimación promovida por la parte peticionaria, ello a fin de que podamos soslayar la norma de abstención judicial que,

en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que obran en autos, si bien estamos ante la denegatoria de una moción de carácter dispositivo según contemplado por la Regla 52.1 de Procedimiento Civil, *supra*, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones